UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DEANGELIA LITTLEJOHN** | **CIVIL ACTION** |
| **INDIVIDUALLY & AS** | |
| **THE NATURAL TUTOR FOR IMANI IFE** | |
| **COLLINS AND REIKEYAH LITTLEJOHN** | |
| **AS THE HEIRS TO THE ESTATE** | **NO:** |
| **OF CHIMELU KABAZZ** | |
| | **SECTION: " "** |
| | |
| | **MAGISTRATE:** |

**VERSUS**

**THE CITY OF NEW ORLEANS, MAYOR
LATOYA CANTRELL,**( in her official capacity as Mayor for the City of New Orleans)
 **THE NEW ORLEANS POLICE DEPARTMENT, POLICE CHIEF
SHAUN FERGUSON,** (in his official capacity, as Superintendent of the New
Orleans Police Department), **NEW ORLEANS POLICE DEPARTMENT, POLICE
OFFICER #1,** Alex Mikkelsen (individually and in his official capacity
as an officer  for the New Police Department), **POLICE OFFICER #2,** Jonathan Broom
(individually and in his  official capacity as an officer for the New Police Department),
**POLICE OFFICER #3,** Jeffrey Harrington  (individually and in his official capacity as an
officer for the New Police Department), **POLICE OFFICER #4,** Alex Florian
(individually and in his official capacity as an officer for the New Police Department),
**POLICE OFFICER #5,** William Hery (individually and in his official capacity as an
officer for the New Police Department), and **POLICE OFFICER #6,** Colby Stewart
(individually and in his official capacity as an officer for the New Police Department),
**XYZ INSURANCE COMPANY**


**FILED:**_____                     _____
                                                                                            **DEPUTY CLERK**


## COMPLAINT

     **NOW INTO COURT**, through undersigned counsel, come plaintiffs in The Succession of

Chimelu Kabazz, more specifically, Deangelia Littlejohn, the natural tutor for **IMANI IFE**

**COLLINS AND REIKEYAH LITTLEJOHN** as the heirs of the Estate of Chimelu Kabazz

who is of the full age of majority and domiciled in the Parish of Orleans, State of Louisiana, who respectfully represents that:

## JURISDICTION

1. Jurisdiction of this Honorable Court is invoked pursuant to 28 U.S.C. 1331, and 1343. This is an action authorized by 42 U.S.C. 1981, et seq., especially 1983, to redress the deprivation under color of law, statute, ordinance, regulation, custom and/or usage of rights guaranteed the plaintiffs by the First, Fourth and Fourteenth Amendments to the United States Constitution.

2. This Honorable Court's supplemental jurisdiction is also invoked, pursuant to 28 U.S.C. 1367, as to all matters cognizable under Article 1, 2 (due process), 3 (individual dignity), 5 (privacy), 7 (expression) and 9 (petiton) of the Louisiana Constitution of 1974 and dialectal laws of the State of Louisiana, including Article 2315 of the Louisiana Civil Code.

3. This Honorable Court's supplemental jurisdiction is also invoked, pursuant to 8 U.S.C. § 1332(a) as the amount in controversy asserted herein is above Seventy –Five Thousand Dollars and No Cents $75,000.00.

## PARTIES

4. Plaintiff Deangelia Littlejohn, individually and as the mother and representative for **The Succession of CHIMELU KABAZZ,** a deceased individual is represented herein by his heirs, Imani Ife Collins and Reikeyah Littlejohn;

5. Plaintiff Deangelia Littlejohn, individually and as the natural tutor for Imani Ife Collins and Reikeyah Littlejohn as the heirs of the Estate of Chimelu Kabazz, are minors domiciled in the Parish of Orleans, State of Louisiana, She is the mother of Imani Ife Collins and

        Reikeyah Littlejohn who are the biological sisters of Chimelu Kabazz;

6. Plaintiff Deangelia Littlejohn, the natural tutor for Imani Ife Collins and Reikeyah Littlejohn as the heirs of the Estate of Chimelu Kabazz, can attest to the issue of a relationship between **Imani Ife Collins and Reikeyah Littlejohn** and **Chimelu Kabazz**;

7. **THE CITY OF NEW ORLEANS, LOUISIANA,** is a municipality organized under the laws of the State of Louisiana with capacity to sue and be sued.

8. **THE HONORABLE LATOYA CANTRELL**, is a person of the full age of majority and resident of the Parish of Orleans, State of Louisiana, who at all times pertinent herein was the duly elected Mayor of the City of New Orleans.

9. **XYZ INSURANCE COMPANY,** is a foreign and/or domestic insurance company (the true name of which is presently unknown to plaintiff), authorized to do and is doing business in the State of Louisiana, having appointed the Secretary of State of the State of Louisiana as its agent for service of process and hence considered domiciled in the Parish of Orleans for purposes of suit in Louisiana, which company insured defendant Latoya Cantrell, Police Chief Shaun Ferguson, the New Orleans Police Department, Officers Alex Mikkelsen, Jonathan Broom, Jeffrey Harrington, Alex Florian, William Hery, Colby Stewart, (all individually and in his/her official capacity as an officer for the New Police Department), and the City of New Orleans for all acts performed by them in their official capacity as an employee of the City of New Orleans. At all times pertinent the city maintained a policy of insurance for Fifty Million dollars ($50,000,000.00)

10. **CHIEF OF POLICE SHAUN FERGUSON,** in his official capacity is a person of the full age of majority and resident of the Parish of Orleans, State of Louisiana, who at all times pertinent herein was the Chief of New Orleans Police Department.

11. **OFFICER ALEX MIKKELSEN**, is a person of the full age of majority and resident of the Parish of Orleans, State of Louisiana, who at all times pertinent herein was a Police Officer with the New Orleans Police Department acting in the cause and scope of employment.

12. **OFFICER JONATHAN BROOM**, is a person of the full age of majority and resident of the Parish of Orleans, State of Louisiana, who at all times pertinent herein was a Police Officer with the New Orleans Police Department acting in the cause and scope of employment

13. **OFFICER JEFFREY HARRINGTON**, is a person of the full age of majority and resident of the Parish of Orleans, State of Louisiana, who at all times pertinent herein was a Police Officer with the New Orleans Police Department acting in the cause and scope of employment .

14. **OFFICER ALEX FLORIAN**, is a person of the full age of majority and resident of the Parish of Orleans, State of Louisiana, who at all times pertinent herein was an Police Officer with the New Orleans Police Department acting in the cause and scope of employment .

15. **OFFICER WILLIAM HERY**, is a person of the full age of majority and resident of the Parish of Orleans, State of Louisiana, who at all times pertinent herein was a Police Officer with the New Orleans Police Department acting in the cause and scope of employment.

16. **OFFICER COLBY STEWART,** is a person of the full age of majority and resident of the Parish of Orleans, State of Louisiana, who at all times pertinent herein was a Police

        Officer with the New Orleans Police Department acting in the cause and scope of employment.

## SUMMARY OF THE CASE

17. This is an action against defendants the City of New Orleans, Mayor Latoya Cantrell, the New Orleans Police Department, Chief of Police Shaun Ferguson, several police officers and an unknown insurer by Deangelia Littlejohn individually, and as the natural tutor for Imani Ife Collins and Reikeyah Littlejohn as the heir of the Estate of Chimelu Kabazz all private citizens, whose rights, privileges, and immunities that are guaranteed to all citizens, were denied under color of law by the City of New Orleans through direct, intentional, and negligent acts.

## FACTS AND CAUSES OF ACTION

18. On or about **March 20, 2019**, Mr. Bryan Wilson, Jr., was the driver of a vehicle, in which Mr. Chimelu Kabazz was a restrained passenger, traveling in New Orleans, Louisiana, in the Parish of Orleans, State of Louisiana.  At the same time, (New Orleans Police Department, hereinafter referred to as NOPD) Officers, Alex Mikkelsen, Jonathan Broom, Jeffrey Harrington, and Alex Florian, executed a high speed chase to recovered stolen property.

19. The Officers' vehicle insured in the aforementioned chase causing the vehicle driven by Mr. Wilson to crash, causing the death of both Mr. Bryan Wilson, Jr., and decedent, Mr. Chimelu Kabazz.  Further, once in their vehicles, all defendant Officers did not activate their body worn cameras as required by the department policy and procedures, and also deactivated the In-Car Camera System. They did so to conceal their improper and illegal

conduct.

20. Petitioners aver that Police Officers #1-6 of the New Orleans Police Department acted with negligence in the aforementioned unwarranted attempts to apprehend and detain the driver of the vehicle accusation and detention and more particularly but not limited to the following acts:

   A. Intentionally pursuing property via a highspeed chase within Orleans Parish City Limits, endangering the citizens of said City Limits, without just provocation, and proper authority;

   B. Failing to take proper and necessary available action to prevent known and foreseeable risks of ham toward petitioner;

   C. Failing to maintain proper procedures in accordance with the high speed chase within Orleans Parish City Limits;

   D. Failing to take all necessary precautions to prevent the death of Mr. Chimelu Kabazz;

   E. Failing to act in a responsible manner and respond safely and properly;

   F. Failing to insure the safety of Mr. Chimelu Kabazz;

   G. Any other acts or omissions and circumstances of this case, that may be learned through discovery, as will be shown at the trial of this matter.

21. Moreover, Petitioners aver that Shaun Ferguson in his official capacity as Superintendent of the New Orleans Police Department, acted with negligence in the aforementioned unwarranted careless and reckless conduct and more particularly but not limited to the following acts:

A. Employment or retention of incompetent employees;

B. Failing to properly hire, train, discipline and/or supervise the police officers;

C. Permitting or failing to prevent negligent and abusive behavior by the police officers;

D. Tolerating a pattern or practice of misconduct by the police officers;

E. Failing to establish and teach procedures and guidelines for high speed chases within Orleans Parish City Limits;

F. any and all acts of negligence which may be proven at trial of this matter.

22. At all times material herein, the Defendant, XYZ Insurance Company whose identity is not yet known to petitioner, issued an insurance policy to the Defendant, Shaun Ferguson, in his official capacity as Superintendent of the New Orleans Police Department and the New Orleans Police Department, which was in full force and effect at the time of this incident made subject of this litigation.

## DAMAGES

23. Plaintiffs, the Succession of Chimelu Kabazz and Deangelia Littlejohn have suffered irreparable harm from the defendants' policies, practices, procedures and customs as mentioned heretofore. The conduct of the City of New Orleans the New Orleans Police Department and their employees deprived the plaintiff of equal protection under the law and constituted deliberate indifference toward his safety and welfare.

24. As a direct and proximate result of the acts and omissions of the City of New Orleans the New Orleans Police Department and their employees, plaintiffs, the Succession of Chimelu Kabazz and Deangelia Littlejohn have been injured in their person and property, and is entitled to damages in the amount of $15,000,000 for:

A. Physical pain and suffering;

    B.    Mental and emotional pain and suffering, including humiliation, aggravation, anxiety, inconvenience, fear, fright and intimidation;

    C.    Deprivation of rights, privileges, and immunities secured to plaintiff and all citizens;

    D.    Punitive and exemplary damages to be assessed in the nature of a fine to ensure that such conduct as was used to victimize plaintiff is not used in the future against other citizens;

    E.    Lost Wages, earnings, diminished work capacity and other economic support;

    F.    Loss of consortium, society, and affection;

25.    Plaintiffs Deangelia Littlejohn individually, and as the natural tutor for Imani Ife Collins and Reikeyah Littlejohn, as the heirs of the Estate of Chimelu Kabazz, are now suffering and will continue to suffer irreparable harm from the defendants' policies, practices, procedures and customs as mentioned heretofore. The conduct of the City of New Orleans the New Orleans Police Department and their employees deprived the plaintiffs' of equal protection under the law and constituted deliberate indifference toward their safety and welfare.

26.    As a direct and proximate result of the acts and omissions of the City of New Orleans the New Orleans Police Department and their employees, plaintiffs Deangelia Littlejohn individually, and as the natural tutor for Imani Ife Collins and Reikeyah Littlejohn as the heir of the Estate of Chimelu Kabazz, have been injured in their person and property, and are entitled to damages in the amount of $15,000,000 for:

    A.    Mental and emotional pain and suffering, including humiliation, aggravation, anxiety, inconvenience, fear, fright and intimidation;

  B. Loss of Society;

  C. Loss of support;

  D. Loss of consortium and affection;

  E. All other damages to be shown at trial.

## RELIEF

**WHEREFORE**, plaintiffs The Succession of Chimelu Kabazz, Deangelia Littlejohn individually, and as the natural tutor for **Imani Ife Collins and Reikeyah Littlejohn** as the heir of the Estate of Chimelu Kabazz, pray that after due proceedings had, there be judgment rendered herein in their favor and against defendants defendant Mayor Latoya Cantrell, Police Chief Shaun Ferguson, the New Orleans Police Department, Officers Alex Mikkelsen, Jonathan Broom, Jeffrey Harrington, Alex Florian, William Hery, Colby Stewart, (all individually and in his/her official capacity as an officer for the New Police Department) and the City of New Orleans in the full sum of Fifteen Million Dollars and No/100 Cents ($15,000,000.00) in compensatory, punitive, general and special damages, and for such other relief as this court may deem just and appropriate.

**FURTHER,** Plaintiffs pray for all costs and expenses incurred in this litigation, and reasonable attorney's fees pursuant to 42 U.S.C. 1988.

**FURTHER,** plaintiffs pray for and demands trial by jury as to all issues.

            Respectfully Submitted,

**/s/ Clarence Roby, Jr., ESQ.**　　　　　　　**/s/ TONY DOOLEY, ESQ**
**CLARENCE ROBY, JR.,** LSB#20345　　　　**TONY DOOLEY, LSBA(28557)**
3701 Canal Street, Suite U　　　　　　　　　3701 Canal Street, Suite U
New Orleans, Louisiana 70119　　　　　　　New Orleans, Louisiana 70119
Phone: (504) 486-7700　　　　　　　　　　 Phone: 504-510-0286
Fax: (504) 486-8005　　　　　　　　　　　　Fax: 504-486-8005
Email: croby@crobylawfirm.com　　　　　　Email: tdooley@thedooleylawoffice.com